**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **HERRMAN PROPERTIES, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | **JURY DEMANDED** |
| **STARSTONE NATIONAL** | § | |
| **INSURANCE COMPANY,** | § | |
| **WELLINGTON CLAIMS SERVICES,** | § | |
| **INC., MICHAEL MASSEY, ABJ** | § | |
| **ADJUSTERS, INC AND** | § | |
| **JAMES POTTER** | | |
| **Defendants.** | | |

**DEFENDANT STARSTONE NATIONAL INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant StarStone National

Insurance Company, in Cause No. 2017CCV-61631-2, pending in the County Court at Law

No. 2 of Nueces County, Texas, files this Notice of Removal from that court to the United

States District Court for the Southern District of Texas, Corpus Christi Division, on the

basis of diversity of citizenship and respectfully shows:

## I.  FACTUAL BACKGROUND

1.1     On or about August 31, 2017, Plaintiff filed its Original Petition in the

matter styled *Herrman Properties, LLC v. StarStone National Insurance Company,*

*Wellington Claims Services, Inc., Michael Massey, et al.*, in the County Court at Law No.

2 of Nueces County, Texas, in which Plaintiff made a claim for damages to its property

under an insurance policy.

1.2     Plaintiff also asserts claims against Wellington Claims Services, Inc., Michael Massey, ABJ Adjusters, Inc., and James Potter, who were involved in the handling of Plaintiff's property claim.

1.3     Plaintiff served StarStone with process and Plaintiff's Original Petition on September 11, 2017.

1.4     Plaintiff's Original Petition states that its property suffered damage from vandalism during the coverage period and that it filed a claim with StarStone for the damage incurred.  *See* Pl.'s Original Pet.¶¶ 5.3-5.4.

1.5     Plaintiff alleges that Defendants failed to properly compensate Plaintiff for the alleged damage sustained.  *See id.* at ¶ 5.5.

1.6     The Index of Matters Being Filed is attached as Exhibit A to this Notice of Removal.  A copy of the Nueces County District Clerk's file for this case is also attached as Exhibit B and includes true and correct copies of all executed process, pleadings, and orders.  The Designation of Counsel is attached as Exhibit C.

## II.  BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C.  §§ 1332, 1441(a) and 1446.

2.2     At the time the lawsuit was filed, Plaintiff was a citizen of the State of Texas.  *See* Pl.'s Original Pet. ¶ 2.1.

2.3     Defendant StarStone is incorporated as a Delaware-domiciled insurance company and has its principal place of business in New Jersey.  Accordingly, StarStone is not a citizen of Texas.

2.4      Defendants Wellington Claims Services, Inc. (WCSI), Michael Massey (Massey), ABJ Adjusters, Inc. (ABJ), and James Potter (Potter) are citizens of the State of Texas, but are not proper parties to this lawsuit.

**A.      Complete diversity exists between Plaintiff and StarStone because Defendants WCSI, Massey, ABJ and Potter have been improperly joined in this lawsuit.**

2.5      Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003).   The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).   To determine whether the plaintiff can recover against the in-state defendant, the district court must analyze the plaintiff's petition under the robust federal rule 12(b)(6) standard and determine whether the plaintiff's petition states a claim.  *See Int'l Energy*, 818 F.3d at 207-08; *see also Smallwood*, 385 F.3d at 573; *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009).

2.6      "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of [its] 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Elchehabi v. Chase Home Fin.,*

*LLC*, No. H-12-1486, 2012 WL 3527178, at *2 (S.D. Tex. Aug. 15, 2012) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).  "Factual allegations must be enough to

raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555; *Guerrero*

*Investments, LLC v. Am. States Ins. Co.*, No. 7:12-CV-430, 2013 WL 5230718, at *1 (S.D.

Tex. Sept. 17, 2013) (finding lack of a "factual fit" and thus, improper joinder where "the

sections setting forth Plaintiff's causes of action against the in-state defendant amounted to

no more than conclusory recitations of the elements of the plaintiff's DTPA, Insurance

Code, and conspiracy claims); *Xiang Fang v. Companion Commercial Ins. Co.*, No. 7:12-

CV-324, 2013 WL 5214433, at *3 (S.D. Tex. Sept. 17, 2013) (same).

2.7     Here, Plaintiff fails to offer any specific facts to support its claims against

Defendants WCSI, Massey, ABJ and Potter.  Therefore, Plaintiff has failed to secure the

required "factual fit between [their] allegations and the pleaded theory of recovery."  *See*

*Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).  In its Original Petition,

Plaintiff alleges that StarStone issued a policy covering its property in Corpus Christi,

Texas, and that its property suffered vandalism damage during the coverage period.  *See*

Pl.'s Original Pet. ¶¶ 5.1-5.4.  Plaintiff alleges that "Defendants" failed to properly provide

Plaintiff with the benefits it was entitled to receive under the policy.  *See id.* at ¶ 5.5.

2.8     Based on the foregoing allegations, Plaintiff brings causes of action against

the Defendants for fraud, negligent misrepresentation, and breach of the duty of good faith

and fair dealing, as well as for violations of the Insurance Code and the Deceptive Trade

Practices Act (DTPA).[1]  *See id.* at Part VII. Causes of Action.  However, Plaintiff makes

---

[1] Plaintiff also sues for "Defendants" for breach of contract. *See* Pl's. Original Pet. ¶¶ 7.1.  However, the allegations for this cause of action specifically reference the alleged conduct of StarStone and do not contain any specific allegations against WCSI, Massey, ABJ and Potter.  Nor are there any allegations against "Defendants" collectively.

no singular allegation against WCSI, Massey, ABJ or Potter.  All factual allegations in Plaintiff's petition are directed at either StarStone, individually, or at StarStone, WCSI, Massey, ABJ and Potter collectively as "Defendants."  For example, Plaintiff alleges that Defendants violated the Insurance Code by (1) making an untrue statement of material fact; (2) failing to state a material fact that is necessary; (3) making an untrue statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; (5) failing to disclose any matter required by law to be disclosed and (6) failing to timely acknowledge, investigate, request information about the claim; accept the claim; and/or pay the claim.  *See id.* at ¶¶ 7.4 and 7.6.  Plaintiff also alleges that Defendants violated portions of §17.46(b) and §17.50(a) of the DTPA. *See generally id.* at ¶ 7.16.  But Plaintiff does not reference any alleged conduct committed by the Defendants.  Plaintiff simply lists that statutory provisions it alleges to have been violated by Defendants.  As such, the allegations against WCSI, Massey, ABJ and Potter do nothing more than track the statutory language of the Insurance Code and DTPA; they are bare-bone, conclusory, and over-generalized boiler-plate allegations devoid of substantive facts.  *See Johnson v. The Travelers Home & Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146, at *2-3 (S.D. Tex. July 29, 2016) (denying plaintiff's motion to remand and holding that the plaintiff's unspecific allegations against the defendant adjuster essentially amounted to legal conclusions and that allegations simply tracking statutory language were insufficient without any case-specific facts).

2.9     Furthermore, the alleged Insurance Code violations asserted against WCSI, Massey, ABJ and Potter are completely indistinguishable from the statutory violations alleged against StarStone.  *See* Pl.'s Original Pet. ¶¶ 7.3-7.6.  Courts in the Southern District

of Texas have held that when the claims against an adjuster are nearly identical to those against the insurer, they are insufficient to support a claim against the adjuster. *See Dalton v. State Farm Lloyds, Inc.*, No. H-12-3004, 2013 WL 3157532, at *7 (S.D. Tex. June 19, 2013); *see also Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016) ("While it is true that Texas law may permit adjusters to be found individually liable for certain violations of the Texas Insurance Code, for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage" (internal citations omitted)).

2.10    Finally, Plaintiff brings causes of action against Defendants for fraud, negligent misrepresentation, and breach of the duty of good faith and fair dealing. *See* Pl.'s Original Pet. ¶¶ 7.7-7.13.    Again, Plaintiff does not provide any factual allegations regarding the violations of these causes of action.    Instead, Plaintiff merely rephrases the elements of the causes of action.    But merely repeating statutory language is not sufficient; a plaintiff must plead specific, actionable facts to which a statute should apply, and Plaintiff has wholly failed to do so in this case.    *See Young v. Travelers Pers. Sec. Ins. Co.*, No. 4:16-CV-235, 2016 WL 4208566, at *4-5 (denying a plaintiff's motion to remand and dismissing an insurance-adjuster defendant where the plaintiff failed to state a claim against the adjuster by a "mere formulaic recital of the statutory elements"); *Lakewood Chiropractic Clinic,* No. H-09-1728, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without

6

"facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).[2]

2.11    In sum, none of Plaintiff's allegations involve conduct specifically and solely attributable to WCSI, Massey, ABJ or Potter.  Plaintiff's factual allegations are nothing more than conclusory statements that lack the specificity necessary to state a claim. *See Twombly*, 550 U.S. at 445.  Plaintiff's conclusory pleadings mean that it did not "'state enough facts to state a claim for relief that is plausible on its face.'"  *See Int'l Energy*, 818 F.3d at 207-08 (quoting *Twombly*, 550 U.S. at 570).  And in the absence of such factual allegations, "'there is no reasonable basis for the district court to predict that [P]laintiff might be able to recover against'" WCSI, Massey, ABJ or Potter.  *See Int'l Energy*, 818 F.3d at 205 (quoting *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d 646-47).  As such, WCSI, Massey, ABJ and Potter are improper parties to this lawsuit and should be dismissed by the Court.

2.12    Because StarStone, a foreign defendant, is the only proper defendant in this action, there is complete diversity of citizenship between the parties.  Therefore, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

---

[2] The Fifth Circuit and its District Courts routinely find that individual adjusters and agents are improperly joined where the plaintiffs' allegations against the adjuster are boilerplate and nearly identical to the claims against the insurance carrier.  *See e.g., Griggs,* 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in Plaintiff's petition to support claim against agent); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* No. 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations merely listing Insurance Code provisions and asserting that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08-CV-475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding petition listing Insurance Code provisions that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the Plaintiff's petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims").

**B.**     **The damages sought by Plaintiff in its pleadings exceeds the amount in controversy required to confer diversity jurisdiction on this Court.**

2.13     Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000.   28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.14     In its Petition, Plaintiff does not state a dollar-amount for the value of its alleged damages. *See generally* Pl.'s Original Pet. ¶ 10.1.  They have therefore failed to establish to a "legal certainty" that their damages will not exceed the jurisdictional limit. *See De Aguilar*, 47 F.3d at 1411-12; *see also Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010) (holding that a binding stipulation as to the amount in controversy must state that the plaintiff will not "seek or accept" an amount greater than the jurisdictional limit); *Williams v. Companion Prop. & Cas. Ins. Co.*, Civ. Action No. A. H-13-733, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013) (same).   Therefore, StarStone can secure removal if it "show[s] by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional limit." *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

2.15     Here, Plaintiff's petition establishes that the amount-in-controversy in this case exceeds $75,000.  Although Plaintiff does not plead a specific dollar amount for its alleged damages, Plaintiff does assert that that damages sought are within the jurisdictional limit of the court in which the petition was filed.  *See* Pl.'s Original Pet. ¶ 3.1.  Because county courts in Nueces County have jurisdiction for claims of $500 or above, Plaintiff has

not limited its claim to $75,000 or less.  *See* TEX. GOV'T CODE ANN. at § 25.1802 (a)(1) and § 24.007 (b).  More specifically, the damages sought in Plaintiff's petition show that the amount in controversy is more than $75,000.  For example, Plaintiff seeks, among other damages, economic damages, treble damages, and attorney's fees.  *See* Pl.'s Original Pet. ¶ 10.1.   In its petition, Plaintiff alleges to have incurred "upwards of $50,000" in repair costs.  *See id.* at ¶ 5.5.  Trebling Plaintiff's $50,000 cost-of-repair demand, alone, would equal $150,000, which well exceeds the jurisdictional limit of this Court.  Based on its own pleadings, Plaintiff cannot credibly deny that its claims are worth more than $75,000.  Any such claim would be nothing more than an abusive manipulation of the case in a blatant attempt to avoid federal jurisdiction.  *See De Aguilar*, 47 F.3d at 1410.

2.16   Because a preponderance of evidence shows that the amount in controversy exceeds the jurisdictional requirements, Defendant Starstone has established that this case qualifies for removal to federal court.  *See* 28 U.S.C. §1332(a).

### III.  <u>THE REMOVAL IS PROCEDURALLY CORRECT</u>

3.1   Defendant StarStone was first served with Plaintiff's Original Petition and process on September 12, 2017.  By filing its Notice on this day, Defendant StarStone files its Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

3.2   Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3   Pursuant to 28 U.S.C. §1446(d), promptly after StarStone files this Notice, written notice of the filing will be given to Plaintiff, the adverse parties.

3.4     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Nueces County District Court, promptly after StarStone files this Notice.

3.5     Although WCSI, ABJ and Massey have been served with process, their consent to removal is unnecessary because they are improperly joined parties.  *See Almeida v. Allstate Tex. Lloyds*, No. Civ.A. B-05-202, 2005 WL 3348907, at \*5 (S.D. Tex. Dec. 8, 2005) (citing *Farias*, 925 F.2d at 871).  As of the date of this Notice, Defendant Potter and has not been served with process, so he need not consent to this removal.  *See* 28 U.S.C. § 1446(b)(2)(A); *Farias v. Bexar Cty. Bd. of Trustees for MHMR Servs.*, 925 F.2d 866, 871 (5th Cir. 1991).

## IV.  <u>CONCLUSION</u>

4.1     Based on the foregoing, the exhibits submitted in support of this Notice, and other documents filed contemporaneously with this Notice and fully incorporated herein, Defendant StarStone National Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

By: ___*/s/ John R. Lamont*___
    Mikell A. West
    Attorney-in-Charge
    State Bar No. 24070832
    Southern Dist. No. 1563058
    mwest@gnqlawyers.com
    John R. Lamont
    Of Counsel
    State Bar No. 24099876
    Southern Dist. No. 3028487
    jlamont@gnqlawyers.com

**ATTORNEYS FOR STARSTONE
NATIONAL INSURANCE
COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

Donald W. Elliott, Jr.
State Bar No. 24097651
Southern Dist. No. 2783040
delliott@gnqlawyers.com

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on October 11, 2017, a copy of Defendant StarStone National Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff, Herrman Properties, LLC.

<u>**VIA CM/RRR #7015 1730 0001 4976 7705**</u>
Neely E. Balko
Hermann & Herrman, PLLC
The Herrman Building
1201 Third Street
Corpus Christi, Texas 78401
Email:  litigation@herrmanandherrman.com

By:   <u>  */s/ John R. Lamont*  </u>
       John R. Lamont